# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EUGENIA K. SONG**, | Case No. 3:23-cv-349-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **W. WARNER BURKE** and **RICK ANTLE**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Eugenia Song, a self-represented litigant, filed this lawsuit against Defendants W. Warner Burke and Rick Antle on March 10, 2023. On March 21, 2022, the Court dismissed Plaintiff's complaint *sua sponte* for failure to state a claim upon which relief can be granted. ECF 4. On April 18, 2023, Plaintiff amended her complaint. ECF 5. United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation on Plaintiff's amended complaint on May 3, 2023. ECF 13. Judge Russo recommends that this Court dismiss Plaintiff's amended complaint with leave to amend and deny Plaintiff's motion for a preliminary injunction and requests for disqualification of Judge Russo.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

On May 16, 2023, Plaintiff filed an "Amended Complaint," which contains a "Response to Findings and Recommendation dated May 3, 2023." ECF 20. The Court construes this filing as a timely objection. In her objections, Plaintiff reasserts that Defendants' actions violate 18 U.S.C. § 2255 and 28 U.S.C. § 5001 but offers no further argument or analysis. Plaintiff also argues that certain communications constitute "reckless negligence." The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections. The Court agrees with Judge Russo's reasoning

regarding Plaintiff's failure to state a claim under the named statutes. The Court further finds that Plaintiff's complaint fails to allege facts sufficient to state a tort claim for negligence, negligent misrepresentation, or defamation based on the alleged communications by Defendants. The Court also agrees with Judge Russo's finding that Plaintiff's claims appear to be time-barred. The Court adopts those portions of the Findings and Recommendation.

Judge Russo's Findings and Recommendation gives two additional grounds on which to dismiss Plaintiff's complaint: improper venue and lack of personal jurisdiction. Plaintiff recently filed a notice of change of address listing an Oregon address for a church for which Plaintiff alleges she is an investor-owner, ECF 15. That assertion, however, is insufficient to establish that venue is proper in the District of Oregon. The Court adopts Judge Russo's Findings and Recommendation on lack of venue. The Court declines to reach the issue of personal jurisdiction on this *sua sponte* consideration of Plaintiff's complaint. As such, the Court declines to adopt this portion of the Findings and Recommendation.

No error is apparent on those portions of the Findings and Recommendation that address Plaintiff's motion for a preliminary injunction or request for reassignment. The Court adopts those portions of the Findings and Recommendation.

The Court ADOPTS IN PART Judge Russo's Findings and Recommendation, ECF 13. The Court DISMISSES Plaintiff's amended complaint, ECF 5. The Court DENIES Plaintiff's motion for a preliminary injunction, ECF 10, and requests for disqualification, ECF 11; ECF 12. The Court also DENIES Plaintiff's request for issuance of proposed Summons, ECF 21, and Motion for Issuance of a Subpoena for a Witness, ECF 22, as moot. No service of process or subpoenas shall be issued unless Plaintiff files a complaint that survives the Court's *sua sponte* review. If Plaintiff believes she can cure the defects identified by Judge Russo in the Findings

and Recommendation and this Court in its Order dated March 21, 2023, Plaintiff may file a
second amended complaint within 30 days of this Order. Failure to file an amended complaint by
that date will result in the Court entering a judgment dismissing this case without prejudice, but
without leave further to refile in this Court.

        **IT IS SO ORDERED.**

        DATED this 29th day of June, 2023.

                                   */s/ Michael H. Simon*
                                   Michael H. Simon
                                   United States District Judge